IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD A. GWALTNEY,            )
                                )
            Plaintiff,          )
                                )
    v.                          )         1:16CV428
                                )
FORD MOTOR CREDIT COMPANY,      )
et al.,                         )
                                )
            Defendants.         )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal for lack of subject matter jurisdiction.

**LEGAL BACKGROUND**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining

relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, the Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256-57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

The Court may consider subject matter jurisdiction as part of the frivolity review. Overstreet v. Colvin, No. 4:13-CV-261, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure")). "'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the

Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking jurisdiction, here Plaintiff, has the burden of establishing subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). "The complaint must affirmatively allege the grounds for jurisdiction," Overstreet, 2014 WL 353684, at *3, and the Court must dismiss the action if it determines that subject matter jurisdiction does not exist, Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

The Complaint alleges that Plaintiff resides in Kannapolis, North Carolina, and that Defendant Chris Hess resides in Charlotte, North Carolina. (Docket Entry 2 at 1-2.) Therefore, Plaintiff has failed to carry his burden of establishing subject matter jurisdiction through diversity, as Plaintiff and at least one defendant are both residents of North Carolina, precluding diversity jurisdiction, see 28 U.S.C. § 1332(a). See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); Sanderlin v. Hutchens, Senter & Britton, P.A., 783 F. Supp. 2d 798, 801

-3-

(W.D.N.C. 2011) ("Plaintiffs have not satisfied the complete diversity requirement. Specifically Plaintiffs and Defendant Hutchens, Senter & Britton, P.A. are both citizens of North Carolina.").

Moreover, Plaintiff's Complaint does not assert any claims under the United States Constitution, federal law, or federal treaties, see 28 U.S.C. § 1331; instead, it purports to assert a state-law claim in connection with Defendants' repossession of Plaintiff's vehicle, see N.C. Gen. Stat. §§ 25-9-601 et seq. (See Docket Entry 2 at 2-3 (alleging that "[m]anagement needs to address [i]ssue about not working with customers," and requesting the Court order that Defendants pay Plaintiff "for the cost of [his] truck"); see also Docket Entry 1 at 1 (asserting that "[t]he nature of this action is: [i]llegal [r]epossession of truck - [d]id not give notice - [d]id not send certified mail - [d]id not work with [Plaintiff] [at] all"); Docket Entry 3 at 1 (alleging cause of action for "repossess[ing] property").)[1] The Complaint thus, as a

---

[1] The Complaint requests "remov[al] of [the repossession from Plaintiff's] credit report." (Docket Entry 2 at 3.) To the extent this request arguably invokes the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. (the "FCRA"), the Complaint contains no factual matter that conceivably could support such a claim, see generally Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that a complaint must contain sufficient factual matter to state a plausible claim for relief, and that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In addition, Plaintiff's Civil Cover Sheet asserts that the nature of this suit arises under, inter alia, the False Claims Act, 31 U.S.C. §§ 3729-3733.

matter of law, fails to establish subject matter jurisdiction, and the obviousness of this defect renders this action legally frivolous under 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of entering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

                                            /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                   **United States Magistrate Judge**

June 13, 2016

---

(Docket Entry 3 at 1.) The False Claims Act provides a cause of action for fraud committed against the United States. Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). In this case, the Complaint does not allege that Defendants committed any fraud against the United States. (See Docket Entry 2.) Under these circumstances, the Complaint fails to assert a cause of action under either the FCRA or False Claims Act that would confer federal question jurisdiction upon this Court. See, e.g., Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) ("In determining the presence of a federal question, this [c]ourt looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint.").